IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**CLARENCE T. FOX, JR.,**

    **Petitioner,**

v.   NO. 1:05CV8-MMP/AK

**UNITED STATES OF AMERICA,**

    **Respondent.**

_____/

**REPORT AND RECOMMENDATION**

This cause is before the Court on Petitioner's "Petition for an Independent Action." Doc. 1. From a review of various docket sheets and without including Petitioner's direct appeal or his civil case against two DEA agents (Cause No. 1:94CV10071-MMP), it appears that at a minimum, this is the seventh time that Petitioner has attacked his drug convictions and resulting life sentence. Prior Reports and Recommendations outline the history of Petitioner's attacks and do not bear repeating. *See* Cause Nos. 1:89CR1018-MMP (N.D. Fla.) (three § 2255 motions and motion to reopen or for independent action); 4:98CV82-RH (N.D. Fla.) (§ 2241 petition); 1:99CV225-MMP (N.D.Fla.) (§ 2241 petition). In the motion to reopen or for independent action, which was filed in the criminal case and represents the immediate

predecessor to the instance petition, Petitioner argued that "[d]uring the grand jury investigations of the case sub judice, the AUSA, Alan G. Burrow, and Agent Carl Lilley of the Drug Enforcement Administration, fabricated evidence, and this fraudulent evidence was utilized as a factual basis to secure an indictment and conviction in this case." *United States v. Fox*, Cause No. 1:89CR1018-MMP (N.D. Fla.) at Doc. 1150. In denying his motion, the Court found that Petitioner "seeks to overturn his conviction based upon prosecutorial misconduct. Such a claim is properly brought during an appeal or as a collateral attack under 28 U.S.C. § 2255." *Id.*

On this occasion, Petitioner, who is presently incarcerated at FCI Edgefield, South Carolina, has filed his Rule 60(b) motion as an independent action pursuant to *Gonzalez v. Secretary for Department of Corrections*, 366 F.3d 1253 (11th Cir. 2004). He does not contend that there was a clerical error in the final judgment denying him relief in his prior habeas attempts. Rather, he claims that the "prosecution deliberately planned and carefully executed a scheme to defraud the grand jury and district court" through the giving of false testimony to the grand jury, by representing to the drug lab that a package of cocaine had been purchased from Petitioner, by misrepresenting the location of the drug buy, and by presenting a witness at trial who "has made reference that her testimony was fabricated." Doc. 1.

The Eleventh Circuit clarified the use of Rule 60(b) as an avenue for pursuing habeas relief via an independent action in *Gonzalez v. Secretary for Department of Corrections*, 366 F.3d 1253 (11th Cir. 2004). In *Gonzalez,* the Eleventh Circuit granted a district court the right to treat a Rule 60(b) motion to reopen a prior habeas judgment as

a second or successive application for habeas relief and found that a petitioner "may not get around the statutory restrictions on second or successive petitions by filing a Rule 60(b) motion, unless the grounds of the motion fit within one of...two exceptions...." *Id.* at 1277. "One circumstance is where the final judgment is recalled or reopened to correct clerical errors in the judgment itself." *Id.* at 1278. The second circumstance in which a petitioner may invoke Rule 60(b) "and have it treated by the district court as a motion under that rule instead of as a non-authorized second or successive petition is where there was fraud upon the federal court which led to the denial of the habeas petition." *Id.* That portion of *Gonzalez* was left undisturbed by the Supreme Court's recent decision in *Gonzalez v. Crosby*, 125 S.Ct. 2641 (2005). *See id.* at 2648 & 2648 n.5).

      Having carefully considered the matter, the Court finds that Petitioner has filed nothing more than a "second or successive...§ 225[5] petition[ ] cross-dressed as [a] Rule 60(b) motion [ ]." *Gonzalez*, 366 F.3d at 1263. According to the *Gonzalez* court, the fraud exception "applies where the fraud was perpetrated on the federal court and resulted in the denial of federal habeas relief...." *Id.* at 1284. In this case, Petitioner alleges that the fraud was perpetrated during the course of the investigation, the presentation to the grand jury, and during the trial itself. As in *Gonzalez*, "Despite the clothing" which Petitioner has put on this "Petition for an Independent Action," "his is not a true Rule 60(b) motion because it does not concern a defect in the earlier § 2255 proceeding which led to the judgment denying relief to [Petitioner]. Stripped to its essence, [Petitioner's Petition for Independent Action] attacks the underlying judgment

*Case No: 1:05CV8-MMP/AK*

of conviction and sentence itself on grounds" which have been repeatedly addressed in this Court in one form or another. *Id.* at 1263.  Thus, Petitioner has attempted another "bite at the apple" which is yet an additional successive petition that Petitioner has not received appellate court permission to file.

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for independent action, Doc. 1, be **SUMMARILY DISMISSED WITH PREJUDICE as a successive § 2255 motion**;

That the Clerk be **DIRECTED** to file this R&R and any order or judgement associated with it in Cause No. 1:89CR1018-MMP.

**IN CHAMBERS** at Gainesville, Florida, this __8th__ day of September, 2005.

                       **s/ A.  KORNBLUM**
                       **ALLAN KORNBLUM**
                       **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 1:05CV8-MMP/AK*